816 F.2d 681
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
B AND R COAL CO., INC., Respondent.
 No. 87-5162.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1987.
 
 Before MERRITT and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, B and R Coal Co., Inc., Weeksbury, Kentucky, its officers, agents, successors, and assigns, enforcing its order dated 16 December 1986, in Case No. 9-CA-23286, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, B and R Coal Co., Inc., Weeksbury, Kentucky, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 4
 (a) Refusing to bargain collectively with International Union, United Mine Workers of America (UMWA), District 30, UMWA, and Local 5899, UMWA, collectively the Union, by failing and refusing to abide by the terms and conditions of employment set forth in the collective-bargaining agreement with the Union, as the exclusive bargaining representative of the employees in the following appropriate unit:
 
 
 5
 All employees of the [Respondent] working in or about [Respondent's] Weeksbury, Kentucky, mine, excluding all guards and supervisors as defined in the Act.
 
 
 6
 (b) Refusing to bargain collectively with the Union by bypassing the Union and dealing directly with its employees in the appropriate unit set forth above by requesting that employees sign individual contracts.
 
 
 7
 (c) Threatening employees that it would close the mine if the employees insisted that the Respondent abide by its collective-bargaining agreement with the Union.
 
 
 8
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 9
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 10
 (a) On request, bargain with the Union as the exclusive representative of all employees in the appropriate unit set forth above with respect to rates of pay, wages, hours, and other terms and conditions of employment.
 
 
 11
 (b) Honor and give retroactive effect from 1 January 1986 to the terms and conditions of employment set forth in the collective-bargaining agreement with the Union.
 
 
 12
 (c) Make whole all employees in the appropriate unit in the manner set forth in the remedy section of the Board's decision for any losses, financial or otherwise, they may have suffered as a result of the Respondent's failure, since 1 January 1986, to abide by the terms and conditions of employment set forth in the collective-bargaining agreement in effect between the Respondent and the Union.
 
 
 13
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 14
 (e) Post at its facility in Weeksbury, Kentucky, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 9, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 15
 (f) Notify the Regional Director in writing within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 16
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 17
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 18
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 19
 WE WILL NOT refuse to bargain with United Mine Workers of America, District 30, UMWA, and Local 5899, UMWA, as the exclusive bargaining representative of our employees in the following appropriate unit by failing to abide by the terms and conditions of employment set forth in the collective-bargaining agreement with the Union:
 
 
 20
 All employees of the [Employer] working in or about [the Employer's] Weeksbury, Kentucky, mine, excluding all guards and supervisors as defined in the Act.
 
 
 21
 WE WILL NOT refuse to bargain collectively with the Union by bypassing the Union and dealing directly with our employees by requesting them to sign individual contracts.
 
 
 22
 WE WILL NOT threaten employees that the mine would be closed if the employees insisted that we abide by our collective-bargaining agreement with the Union.
 
 
 23
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 24
 WE WILL honor and give retroactive effect from 1 January 1986 to the terms and conditions of employment set forth in the collective-bargaining agreement with the Union.
 
 
 25
 WE WILL make whole all our employees in the above appropriate unit for any losses, financial or otherwise, they may have suffered as a result of our failure to abide by the terms and conditions of employment set forth in the collective-bargaining agreement, with interest.
 
 
 26
 WE WILL on request, bargain collectively with the Union, as the exclusive representative of all employees in the appropriate unit described above, with respect to rates of pay, wages, hours, and other terms and conditions of employment.
 
 
 27
 B AND R COAL CO., INC.
 
 
 28
 (Employer)
 
 Dated
 
 29
 By
 
 
 30
 (Representative)
 
 
 31
 (Title)
 
 
 32
 This is an official notice and must not be defaced by anyone.
 
 
 33
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, John Weld Peck Federal Building, Room 3003, 550 Main Street, Cincinnati, Ohio 45202, Telephone 513--684--3663.